IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TED DEWAYNE CAUTHEN                                                        PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:15cv415-CWR-FKB

DR. GARY WILLIAMS, et al.                                              DEFENDANTS

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care by prison officials. Having considered Plaintiff's testimony at the omnibus hearing, the Court concludes that this matter should be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The facts as alleged by Plaintiff are as follows. On November 26, 2014, Plaintiff went to the medical clinic at South Mississippi Correctional Facility to have his teeth cleaned. During the cleaning, the dentist, Dr. Gary Williams, discovered a stone in Plaintiff's salivary gland. Dr. Williams used a tool to try to remove the stone. After about five minutes, he told Plaintiff that he could not get it out and would refer him to an oral surgeon. Thereafter, Plaintiff developed an infection in the salivary gland accompanied by pain and swelling, for which he was treated with antibiotics and ibuprofen. Plaintiff underwent surgery on his salivary gland for removal of the stone in February of 2015.

Plaintiff complains that Dr. Williams's attempt to remove the stone was painful, was performed without anesthesia, and was done without his consent. He also alleges that once he began to complain of pain and swelling, his requests for treatment were ignored for eleven days. Finally, he complains about the three-month "delay" between the dental examination and his surgery.

Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff has failed to meet this standard. According to Plaintiff's allegations, Dr. Williams performed an uncomfortable but brief procedure in an attempt to remove the stone. These facts do not rise to the level of deliberate indifference. The fact that the procedure was painful does not make it unconstitutional. As to the eleven-day delay in treatment for pain and swelling, the facts as alleged by Plaintiff do not suggest that any particular individual or individuals intentionally delayed treatment or otherwise wantonly disregarded his requests. Moreover, pain and swelling in the mouth for an eleven-day period does not constitute a serious medical need. Similarly, he has not alleged that the three-month period between his dental exam and surgery was the result of anyone's deliberate indifference.

For these reasons, the undersigned concludes that Plaintiff has failed to state a cognizable constitutional claim and recommends that his claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error,

from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 4th day of March, 2016.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE