IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TED DEWAYNE CAUTHEN                                                            PLAINTIFF

V.                                                         CAUSE NO. 3:15-CV-415-CWR-FKB

DR. GARY WILLIAMS; HEALTH                                                    DEFENDANTS
ASSURANCE, LLC; KATHY HOGUE

## ORDER

Before the Court is the plaintiff's objection to the Magistrate Judge's Report and Recommendation (R&R). In the R&R, the Magistrate Judge recommended dismissing the plaintiff's case for failure to state a claim. Having reviewed the R&R, *Spears* hearing transcript, briefing, and applicable law, the Court is now ready to rule.

The plaintiff's claim against Dr. Gary Williams, as it was explained during the *Spears* hearing, indeed rises only to the level of medical malpractice and not deliberate indifference.[1] The doctor apparently referred the plaintiff for surgery in a timely fashion and is not alleged to have any involvement in the three-month delay before the plaintiff actually received that surgery. Dr. Williams is accordingly due to be dismissed for the reasons stated in the R&R.

The plaintiff similarly fails to state a claim against Health Assurance. He does not make allegations of Health Assurance's direct involvement in his alleged constitutional violation. *See Stuart v. Wexford Health Sources, Inc.*, No. 3:09-CV-54-FKB, 2012 WL 4101911, at *1 (S.D. Miss. Sept. 17, 2012).

---

[1] Although the plaintiff is distressed by Dr. Williams' alleged failure to secure informed consent before attempting the stone removal – and the attendant pain associated with that procedure – also concerning is the inference that the plaintiff's resulting "excruciating[ly] pain[ful]" infection was the consequence of several negligent causes: (1) improperly sterilized dental tools; (2) the use of the wrong tool; (3) the improper use of the correct tool; or (4) a combination of any of the above. But, negligence does not amount to deliberate indifference. *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).

The outcome is different as to Kathy Hogue, the Health Services Administrator at Walnut Grove Correctional Facility. The plaintiff testified that he saw Hogue multiple times during the *three-month* delay between Dr. Williams' referral and the plaintiff's surgery, and had asked her why he could not have surgery promptly. During the three month period, Cauthen was in excruciating pain and he experienced swelling to the side of his face, "like a ball was down there." Hearing Tr. at 12. The swelling was noticeable and observed by correctional officers and nurses. *Id.* at 10. The plaintiff testified that "she's in the highest position over the medical at Walnut Grove, and she stood by and didn't -- didn't react. She didn't respond to that -- to that need there." *Id.* at 18; *see also* Docket Nos. 9, at 3-4; 25, at 4-5. That not only states a claim for deliberate indifference, *see Loosier v. Unknown Med. Doctor*, 435 F. App'x 302, 306 (5th Cir. 2010),[2] it is a fact dispute indicating that summary judgment should also be denied, *see Marquez v. Woody*, 440 F. App'x 318, 323-24 (5th Cir. 2011).

The objection is sustained in part and overruled in part. Dr. Williams and Health Assurance are dismissed. The case shall proceed against Hogue.

**SO ORDERED**, this the 23rd day of September, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] In *Loosier*, the Fifth Circuit explained that "to state a claim for deliberate indifference, an inmate must allege facts showing that a medical professional (1) knew that the inmate faced a substantial risk of serious harm, and (2) disregarded that risk by failing to take reasonable measures to abate it. This knowledge requirement is subjective: The medical professional must both be aware of facts from which the inference could be drawn that a substantial risk of serious exists, and he must also draw the inference." 435 F. App'x at 305-06 (citations, quotation marks, and brackets omitted). Cauthen complained to Hogue about his pain and swelling; exhibited evidence of the pain and swelling; and told her he believed it was caused by Dr. Williams' treatment, but his complaints fell on deaf ears. *See Brewster*, 587 F.3d at 770 (finding no claim for deliberate indifference where prisoner did not allege that he complained to prison officials about adverse medical effects and that his complaints were ignored). Through his pleadings and testimony, Cauthen has properly stated a claim for deliberate indifference.